**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------x
:
In re                                           :    Chapter 11
:
**OFFSHORE GROUP**                              :    Case No. 15-_____ (___)
**INVESTMENT LIMITED,** *et al.*,               :
:    Joint Administration Requested
Debtors.[1]                                     :
:
---------------------------------------------------------x

**MOTION OF DEBTORS FOR AN ORDER**
**ENFORCING THE PROTECTIONS OF SECTIONS 362, 365, 525, AND 541(c) OF THE**
**BANKRUPTCY CODE PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE**

Offshore Group Investment Limited and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "***Debtors***") respectfully represent as follows in support of this motion (this "***Motion***"):

**Relief Requested**

1. Pursuant to section 105(a) of title 11 of the United States Code (the "***Bankruptcy Code***"), the Debtors request entry of an order enforcing the protections of sections 362, 365, 525, and 541(c) of the Bankruptcy Code to aid in the administration of their chapter 11 cases and to alleviate any confusion regarding the effects of these chapter 11 cases on the Debtors' business operations. The Debtors' business is truly global and their extensive

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Offshore Group Investment Limited; Vantage Delaware Holdings, LLC; Dragonquest Holdings Company; Emerald Driller Company; P2020 Rig Co.; P2021 Rig Co.; PT. Vantage Drilling Company Indonesia; Sapphire Driller Company; Vantage Deepwater Company; Vantage Deepwater Drilling, Inc. (3668); Vantage Driller I Co; Vantage Driller II Co; Vantage Driller III Co; Vantage Driller IV Co.; Vantage Driller VI Co.; Vantage Driller ROCO S.R.L.; Vantage Drilling Africa; Vantage Drilling (Malaysia) I Sdn. Bhd.; Vantage Drilling Labuan I Ltd.; Vantage Drilling Netherlands B.V.; Vantage Holding Hungary Kft.; Vantage Holdings Cyprus ODC Limited; Vantage Holdings Malaysia I Co; and Vantage International Management Co. The Debtors' mailing address is 777 Post Oak Boulevard, Suite 800, Houston, Texas 77056.

dealings with foreign creditors and governmental authorities, many of which are unfamiliar with the protections of the automatic stay imposed by section 362 of the Bankruptcy Code, the invalidation of ipso facto clauses under section 365(e)(1) of the Bankruptcy Code and ipso facto conditions under section 541(c) of the Bankruptcy Code, and the protections against discriminatory treatment contained in section 525 of the Bankruptcy Code makes it necessary and appropriate for the Court to issue an order expressly implementing these protections.

2. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "*Proposed Order*").

### Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013–1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

4. On the date hereof (the "*Petition Date*"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

5. Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

6. Prior to the Petition Date, the Debtors began the solicitation of votes on their *Joint Prepackaged Chapter 11 Prepackaged Plan of Offshore Group Investment Limited and Its Affiliated Debtors* (the "**Prepackaged Plan**"), through their *Disclosure Statement for Joint Chapter 11 Prepackaged Plan of Offshore Group Investment Limited and Its Affiliated Debtors* pursuant to sections 1125 and 1126(b) of the Bankruptcy Code. The Debtors expect that their Prepackaged Plan will be accepted by all classes entitled to vote in excess of the statutory thresholds specified in section 1126(c) of the Bankruptcy Code.

7. Additional information regarding the circumstances leading to the commencement of these chapter 11 cases and information regarding the Debtors' business and capital structure is set forth in the *Declaration of Christopher G. DeClaire in Support of the Debtors' Chapter 11 Petitions and Related Requests for Relief* (the "**DeClaire Declaration**"), which has been filed contemporaneously herewith.

## Basis for Relief Requested

8. As a result of the commencement of the Debtors' chapter 11 cases, and by operation of law pursuant to section 362 of the Bankruptcy Code, the automatic stay enjoins all entities from, among other things: (i) commencing or continuing any judicial, administrative, or other action or proceeding against any of the Debtors that was or could have been initiated before the Petition Date; (ii) recovering a claim against any of the Debtors that arose before the Petition Date; (iii) enforcing a judgment against any of the Debtors or property of their estates that was obtained before the Petition Date; or (iv) taking any action to collect, assess, or recover a claim against any of the Debtors that arose before the Petition Date.

9. The injunction contained in section 362 of the Bankruptcy Code is self-executing. It constitutes a fundamental debtor protection that, together with other provisions of the Bankruptcy Code, provides a debtor with a "breathing spell," which is essential to its ability to reorganize successfully. *See, e.g.*, *In re Univ. Med.*, 973 F.2d 1065, 1074 (3d Cir. 1992) ("The stay gives the debtor a breathing spell from his creditors. *It stops all collection efforts, all harassment, and all foreclosure actions.* It permits a debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.") (quoting H.R. Rep. No. 595, 95th Cong., 1st Sess. 340 (1978), *reprinted in* 1978 U.S.C.C.A.N., 5787, 5963, 6296–97) (internal citation and quotation marks omitted) (emphasis in original); *In re New Century TRS Holdings, Inc.*, 505 B.R. 431, 439 (Bankr. D. Del. 2014).

10. The protections of the automatic stay apply to a debtor's property wherever located and by whomever held. *See* 11 U.S.C. § 541(a); *In re Allen*, 768 F.3d 274, 276, 279 (3d Cir. 2014) (stating that "[b]ankruptcy jurisdiction, at its core, is *in rem*" and holding that actual possession by the debtor is not required for property to be part of the debtor's estate) (internal citation and quotation marks omitted) (alteration and emphasis in original); *Underwood v. Hilliard (In re Rimsat, Ltd.)*, 98 F.3d 956, 961 (7th Cir. 1996) (bankruptcy court's *in rem* jurisdiction over property of estate permits injunctions against foreign proceedings pursuant to the automatic stay). The automatic stay therefore applies to the Debtors' assets and operations throughout the globe.

11. Section 365(e)(1) of the Bankruptcy Code renders insolvency termination provisions in contracts unenforceable against a chapter 11 debtor. Specifically, Section 365(e)(1) provides that:

> Notwithstanding a provision in an executory contract or unexpired lease, or in applicable law, an executory contract or unexpired lease of the debtor

4

> may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of the case solely because of a provision in such contract or lease that is conditioned on—
>
> > (A)    the insolvency or financial condition of the debtor at any time before the closing of the case;
> >
> > (B)    the commencement of a case under this title; or
> >
> > (C)    the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement.

11 U.S.C. § 365(e)(1). Bankruptcy Courts have applied section 365(e)(1) liberally, such that provisions modifying or terminating the relationships of the contracting parties due to the filing of a bankruptcy case are "broadly unenforceable." *In re AMR Corp.*, 730 F.3d 88, 106 (2d Cir. 2013) (citing *In re Lehman Bros. Holdings Inc.*, 422 B.R. 407, 414 (Bankr. S.D.N.Y. 2010)).

12.    Similarly, provisions in agreements, transfer instruments, or applicable nonbankruptcy law are unenforceable if such provision "restricts or conditions transfer of such interest by the debtor" or if any such provision:

> is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title, or on the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.

11 U.S.C. § 541(c)(1).

13.    Pursuant to section 525(a) of the Bankruptcy Code, governmental units, including foreign governmental units, are prohibited from, among other things, denying, revoking, suspending, or refusing to renew licenses, permits, charters, franchises, or other similar grants held by a chapter 11 debtor (or persons with whom the debtor is associated, including affiliates) on the basis that the debtor has failed to pay a dischargeable debt, commenced a chapter 11 case, or was insolvent prior to the commencement of such case.  The term

"governmental unit" is defined in the Bankruptcy Code to mean the "United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government." 11 U.S.C. § 101(27). Thus, the protections of section 525(a) apply broadly to local, state, and foreign governmental units.

14. Notwithstanding the self-executing and global nature of sections 362, 365, 525, and 541(c) of the Bankruptcy Code, not all parties affected or potentially affected by the commencement of a chapter 11 case are aware of these statutory provisions or their significance and impact. Therefore, it is prudent to obtain an order of the bankruptcy court that confirms and reinforces the relevant provisions of each section so the Debtors may advise such parties of the existence and effect of sections 362, 365, 525, and 541(c) of the Bankruptcy Code.

15. The requested relief is particularly appropriate in the present cases because the Debtors operate in numerous countries with different legal systems, including the Republic of the Congo, Gabon, India, Indonesia, Luxembourg, Malaysia, Singapore, the Republic of South Korea, Thailand, the United Arab Emirates, and the United States. In addition, the Debtors are incorporated under the laws of numerous additional countries, including the Cayman Islands, Cyprus, Hungary, the Netherlands, and Romania, and the Debtors' key contracts are governed by the laws of still more foreign jurisdictions, such as England and France.

16. Section 105(a) empowers the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Granting the relief requested in this Motion is fully consistent with the terms of the Bankruptcy Code and will facilitate a smooth and orderly transition of the Debtors'

operations into chapter 11 and minimize the disruption of their business affairs.  The Debtors, therefore, request that this Court grant the requested relief.  Granting the requested relief, which the Debtors will be able to transmit to affected parties, will give effect to the protections under sections 362, 365, and 525 of the Bankruptcy Code by proactively confirming and clarifying the applicability and effect of these provisions in the form of an order that bears the imprimatur of a federal court and may be transmitted to third parties as necessary.

17. Similar relief has been granted by this Court in other chapter 11 cases. *See*, *e.g.*, *In re Quiksilver, Inc.*, Ch. 11 Case No. 15-11880 (BLS) (Bankr. D. Del. Sept. 10, 2015) (Docket No. 67); *In re Northshore Mainland Servs., Inc*., Ch. 11 Case No. 15-11402 (KJC) (Bankr. D. Del. July 1, 2015) (Docket No. 51); *In re Furniture Brands Int'l, Inc.*, Ch. 11 Case No. 13-12329 (CSS) (Bankr. D. Del. Sept. 11, 2013) (Docket No. 74); *In re Overseas Shipping Grp., Inc.*, Ch. 11 Case No. 12-20000 (MFW) (Bankr. D. Del. Nov. 15, 2012) (Docket No. 46).

## Notice

18. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.  Notice of this Motion has been provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis; (iii) Akin Gump Strauss Hauer & Feld LLP, 1333 New Hampshire Avenue, N.W., Washington, DC  20036-1564 (Attn: Scott L. Alberino, Esq. and Meng Ru, Esq.) as counsel to Cortland Capital Market Services LLC, (a) as successor administrative agent under that certain Amended and Restated Term Loan Agreement, dated as of October 25, 2012 and amended and restated as of November 22, 2013 and (b) as successor administrative agent under that certain Second Term Loan Agreement, dated as of March 28, 2013; (iv) Arent Fox LLP, 1675 Broadway, New York, New York  10019 (Attn: Andrew I. Silfen, Esq.) as counsel to Wells Fargo Bank, National Association, in its capacity as

(a) indenture trustee and collateral agent for the holders of 7.5% Senior Secured First Lien Notes due 2019 and 7.125% Senior Secured First Lien Notes due 2023, (b) collateral agent for the lenders under that certain Amended and Restated Term Loan Agreement, dated as of October 25, 2012 and amended and restated as of November 22, 2013, that certain Amended and Restated Credit Agreement, dated as of March 28, 2013, and that certain Second Term Loan Agreement, dated as of March 28, 2013, and (c) Pari Passu Collateral Agent under, and as defined in, that certain Amended and Restated Intercreditor Agreement, dated as of October 25, 2012; (v) Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, NY  10005 (Attn: Dennis F. Dunne, Esq. and Evan R. Fleck, Esq.) as counsel to the ad hoc committee of secured term loan lenders and secured noteholders; (vi) Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL  60611 (Attn: Richard A. Levy, Esq.) as counsel to the administrative agent under that certain Amended and Restated Credit Agreement, dated as of March 28, 2013; (vii) the Securities and Exchange Commission; (viii) the Internal Revenue Service; (ix) the United States Attorney's Office for the District of Delaware; and (x) any other party entitled to notice pursuant to Local Rule 9013–1(m).

19. Notice of this Motion and any order entered hereon will be served on all parties required by Local Rule 9013–1(m).  Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

**No Previous Request**

20. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: December 3, 2015
       Wilmington, Delaware

/s/ *Zachary I. Shapiro*
RICHARDS, LAYTON & FINGER, P.A.
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Zachary I. Shapiro (No. 5103)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C.
Ronit J. Berkovich
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Proposed Attorneys for the Debtors and Debtors in Possession*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------x
:
In re                                                  :  Chapter 11
                                                       :
**OFFSHORE GROUP**                                     :  Case No. 15-_____ (___)
**INVESTMENT LIMITED,** *et al.*,                      :
                                                       :  **Joint Administration Requested**
Debtors.[1]                                            :
                                                       :
---------------------------------------------------------x

### ORDER ENFORCING THE PROTECTIONS OF SECTIONS 362, 365, 525, AND 541(C) OF THE BANKRUPTCY CODE PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE

Upon the motion, dated December 3, 2015 (the "***Motion***"),[2] of Offshore Group Investment Limited and its affiliated debtors, as debtors and debtors in possession (collectively, the "***Debtors***"), for entry of an order enforcing the protections of sections 362, 365, 525, and 541(c) of the Bankruptcy Code, as more fully set forth in the Motion; and upon consideration of the DeClaire Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Offshore Group Investment Limited; Vantage Delaware Holdings, LLC; Dragonquest Holdings Company; Emerald Driller Company; P2020 Rig Co.; P2021 Rig Co.; PT. Vantage Drilling Company Indonesia; Sapphire Driller Company; Vantage Deepwater Company; Vantage Deepwater Drilling, Inc. (3668); Vantage Driller I Co; Vantage Driller II Co; Vantage Driller III Co; Vantage Driller IV Co.; Vantage Driller VI Co.; Vantage Driller ROCO S.R.L.; Vantage Drilling Africa; Vantage Drilling (Malaysia) I Sdn. Bhd.; Vantage Drilling Labuan I Ltd.; Vantage Drilling Netherlands B.V.; Vantage Holding Hungary Kft.; Vantage Holdings Cyprus ODC Limited; Vantage Holdings Malaysia I Co; and Vantage International Management Co. The Debtors' mailing address is 777 Post Oak Boulevard, Suite 800, Houston, Texas 77056.

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing on the Motion on December __, 2015; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted.

2. Pursuant to section 362 of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, and all those acting for or on their behalf) and all foreign or domestic governmental units (and all those acting for or on their behalf) are hereby stayed, restrained, and enjoined from:

   a. commencing or continuing any judicial, administrative, or other action or proceeding against the Debtors, including the issuance or employment of process, that was or could have been initiated before the Debtors' chapter 11 cases commenced;

   b. enforcing, against the Debtors or their estates, a judgment obtained before the commencement of the Debtors' chapter 11 cases;

   c. collecting, assessing, or recovering a claim against the Debtors that arose before the commencement of these chapter 11 cases;

   d. taking any action to obtain possession of property of the estates or of property from the estate or to exercise control over property of the Debtors' estates;

   e. taking any action to create, perfect, or enforce any lien against property of the Debtors' estates;

2

   f.  taking any action to create, perfect, or enforce any lien against property of the Debtors, to the extent that such lien secures a claim that arose before the commencement of the Debtors' chapter 11 cases; and

   g.  offsetting any debt owing to the Debtors that arose before the commencement of these chapter 11 cases against any claim against the Debtors.

  3.  This Order shall not affect the exceptions to the automatic stay contained in section 362(b) of the Bankruptcy Code or the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code.  In addition, this Order shall not affect the substantive rights of any party.

  4.  Pursuant to section 365 of the Bankruptcy Code, and notwithstanding any contract or lease provision or applicable law, each non-Debtor counterparty to an executory contract or unexpired lease (and all those acting on their behalf) is stayed, restrained, and enjoined from terminating or modifying such contract or lease or any right or obligation thereunder because of a provision in such contract or lease that is conditioned on (i) the insolvency or financial condition of any or all Debtors or (ii) the commencement of the Debtors' chapter 11 cases.

  5.  Pursuant to section 525 of the Bankruptcy Code, all foreign or domestic governmental units and all those acting on their behalf are stayed, restrained, and enjoined from any act to:

   a.  deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to the Debtors or the Debtors' affiliates on account of (i) the commencement of the Debtors' chapter 11 cases, (ii) the Debtors' insolvency, or (iii) the fact that the Debtors have not paid a debt that is dischargeable in the chapter 11 cases;

   b.  condition a license, permit, charter, franchise, or other similar grant to the Debtors or the Debtors' affiliates on account of (i) the commencement of the Debtors' chapter 11 cases, (ii) the Debtors' insolvency, or (iii) the fact that the Debtors have not paid a debt that is dischargeable in the chapter 11 cases;

   c. discriminate against the Debtors or the Debtors' affiliates with respect to a license, permit, charter, franchise, or other similar grant on account of (i) the commencement of the Debtors' chapter 11 cases, (ii) the Debtors' insolvency, or (iii) the fact that the Debtors have not paid a debt that is dischargeable in the chapter 11 cases; and

   d. interfere in any way with any and all property of the Debtors' estates, wherever located.

  6. Pursuant to section 541(c) of the Bankruptcy Code, and notwithstanding any agreement, transfer agreement, or applicable law, all persons (including individuals, partnerships, corporations, and all those acting for or on their behalf) are stayed, restrained, and enjoined from any act to:

   a. restrict or condition transfer of the Debtors' interests in property or

   b. effect a forfeiture, modification, or termination of any interest of the Debtors in property,

if such restriction or condition is conditioned on the insolvency or financial condition of any Debtor or on the commencement of a case under this title. Any purported restriction, condition, forfeiture, modification, or termination is void ab initio.

  7. The Debtors are authorized to take all steps necessary to carry out this Order.

  8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2015
  Wilmington, Delaware

               _____
               UNITED STATES BANKRUPTCY JUDGE

4

RLF1 13477650v.1