**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
-------------------------------------------------x
                                      :
In re                                 :      Chapter 11
                                      :
OFFSHORE GROUP                        :      Case No. 15-_____ (___)
INVESTMENT LIMITED, et al.,           :
                                      :      Joint Administration Requested
        Debtors.¹                     :
                                      :
-------------------------------------------------x
```

**MOTION OF DEBTORS**
**(I) FOR APPROVAL OF PROPOSED FORM OF ADEQUATE ASSURANCE OF**
**PAYMENT TO UTILITY COMPANIES, (II) ESTABLISHING PROCEDURES FOR**
**RESOLVING OBJECTIONS BY UTILITY COMPANIES, AND (III) PROHIBITING**
**UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING**
**SERVICE PURSUANT TO SECTIONS 105(a) AND 366 OF THE BANKRUPTCY CODE**

Offshore Group Investment Limited and its affiliated debtors in the above-

captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "***Debtors***")

respectfully represent as follows in support of this motion (this "***Motion***"):

**Relief Requested**

1.      Pursuant to sections 105(a) and 366 of title 11 of the United States Code

(the "***Bankruptcy Code***") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy

Procedure (the "***Bankruptcy Rules***"), the Debtors request entry of interim and final orders

(i) approving the Debtors' proposed form of adequate assurance of payment for postpetition

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Offshore Group Investment Limited; Vantage Delaware Holdings, LLC; Dragonquest Holdings Company; Emerald Driller Company; P2020 Rig Co.; P2021 Rig Co.; PT. Vantage Drilling Company Indonesia; Sapphire Driller Company; Vantage Deepwater Company; Vantage Deepwater Drilling, Inc. (3668); Vantage Driller I Co; Vantage Driller II Co; Vantage Driller III Co; Vantage Driller IV Co.; Vantage Driller VI Co.; Vantage Driller ROCO S.R.L.; Vantage Drilling Africa; Vantage Drilling (Malaysia) I Sdn. Bhd.; Vantage Drilling Labuan I Ltd.; Vantage Drilling Netherlands B.V.; Vantage Holding Hungary Kft.; Vantage Holdings Cyprus ODC Limited; Vantage Holdings Malaysia I Co; and Vantage International Management Co.  The Debtors' mailing address is 777 Post Oak Boulevard, Suite 800, Houston, Texas 77056.

Utility Services (as hereinafter defined); (ii) establishing procedures for resolving objections by Utility Companies (as hereinafter defined) relating to the adequacy of the proposed adequate assurance; and (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing service to, or discriminating against, the Debtors on the basis of the commencement of these chapter 11 cases or that a debt owed by the Debtors for Utility Services rendered before the Petition Date (as hereinafter defined) was not paid when due.

2.      A proposed form of order granting the relief requested herein on an interim basis is annexed hereto as **Exhibit A** (the "***Proposed Interim Order***") and, pending a final hearing on the relief requested herein, on a final basis as **Exhibit B** (the "***Proposed Final Order***").

### Jurisdiction

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013–1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

4.      On the date hereof (the "***Petition Date***"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory

committee of creditors has been appointed in these chapter 11 cases.

5.     Contemporaneously herewith, the Debtors have filed a motion requesting

joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

6.     Prior to the Petition Date, the Debtors began the solicitation of votes on

their *Joint Prepackaged Chapter 11 Prepackaged Plan of Offshore Group Investment Limited

and Its Affiliated Debtors* (the "***Prepackaged Plan***"), through their *Disclosure Statement for

Joint Chapter 11 Prepackaged Plan of Offshore Group Investment Limited and Its Affiliated

Debtors* pursuant to sections 1125 and 1126(b) of the Bankruptcy Code.  The Debtors expect that

their Prepackaged Plan will be accepted by all classes entitled to vote in excess of the statutory

thresholds specified in section 1126(c) of the Bankruptcy Code.

7.     Additional information regarding the circumstances leading to the

commencement of these chapter 11 cases and information regarding the Debtors' business and

capital structure is set forth in the *Declaration of Christopher G. DeClaire in Support of the

Debtors' Chapter 11 Petitions and Related Requests for Relief* (the "***DeClaire Declaration***"),

which has been filed contemporaneously herewith.

### The Utility Companies

8.     To operate their business and manage their properties, the Debtors obtain

telecommunications, waste disposal, water, gas, electricity, and other utility services

(collectively, the "***Utility Services***") from a number of utility companies (collectively, the

"***Utility Companies***").  A nonexclusive list of Utility Companies that provide Utility Services to

the Debtors as of the Petition Date is provided on **Exhibit 1** annexed to both the Interim Order

and Final Order (the "*Utility Services List*").[2]

9.       Historically, the Debtors have a good payment record with the Utility

Companies.  To the best of the Debtors' knowledge, there are no defaults or arrearages of any

significance for the Debtors' undisputed invoices for prepetition Utility Services, other than

payment interruptions that may be caused by the commencement of these chapter 11 cases.

Based on their monthly average for the twelve (12) months prior to the Petition Date, the Debtors

estimate that their cost of Utility Services for the next thirty (30) days will be approximately

$492,034.00.

10.       Uninterrupted Utility Services are essential to the Debtors' ongoing

operations and, therefore, the success of the Debtors' reorganization.  Should any Utility

Company alter, refuse, or discontinue service, even briefly, the Debtors' business operations

could be severely disrupted.  The Debtors coordinate their complex global business through their

headquarters in Houston, their office in Singapore, and their operations in numerous other

countries.  Interruption of the Utility Services provided at these locations would disrupt the

Debtors' ability to communicate with, and provide the necessary support to, their employees,

vendors, customers, and various regulatory authorities.  Such interruption would negatively

impact the Debtors' reorganization efforts and all parties in interest.

**The Proposed Adequate Assurance Deposit**

11.       Pursuant to section 366(c)(2) of the Bankruptcy Code, a utility may alter,

refuse, or discontinue a debtor's utility service if the utility does not receive "adequate assurance

---

[2] The inclusion of any entity in, or omission of any entity from, the Utility Services List is not an admission by the Debtors that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

of payment" for postpetition utility services from the debtor within thirty (30) days after the commencement of the debtor's chapter 11 case.  Section 366(c)(1) of the Bankruptcy Code defines "assurance of payment" of postpetition charges as "(i) a cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (v) a prepayment of utility consumption; or (vi) another form of security that is mutually agreed on between the utility and the debtor or the trustee."

12.     The Debtors intend to pay all postpetition obligations owed to the Utility Companies in a timely manner and have sufficient funds to do so.  Nevertheless, to provide the Utility Companies with adequate assurance pursuant to sections 366(b) and 366(c) of the Bankruptcy Code, the Debtors propose to deposit cash in an amount equal to two (2) weeks' payment for Utility Services, calculated using the historical average for such payments during the past twelve (12) months (the "***Adequate Assurance Deposit***") into a newly created segregated account for the benefit of the Utility Companies (the "***Utility Deposit Account***").  The Adequate Assurance Deposit may be adjusted by the Debtors if the Debtors terminate any of the Utility Services provided by a Utility Company, make other arrangements with certain Utility Companies for adequate assurance of payment, determine that an entity listed on the Utility Services List is not a utility company as defined by section 366 of the Bankruptcy Code, or supplement the Utility Services List to include additional Utility Companies.  The Adequate Assurance Deposit will be placed into the Utility Deposit Account within twenty (20) days after the Petition Date.  Based on the foregoing, the Debtors estimate that the total amount of the Adequate Assurance Deposit will be approximately $246,016.  The Adequate Assurance Deposit will be held by the Debtors in the Utility Deposit Account for the benefit of the Utility Companies on the Utility Services List during the pendency of these chapter 11 cases; a Utility

5

Company will be eligible to receive payment from the Adequate Assurance Deposit in an amount equal to two (2) weeks of its Utility Services.

13.     The Debtors further request that the Adequate Assurance Deposit will automatically, without further Court order, be available to the Debtors upon the effective date of a chapter 11 plan for the Debtors.  Additionally, if the Debtors terminate any of the Utility Services provided by a Utility Company, the Debtors request that they immediately be permitted to reduce the Adequate Assurance Deposit to reflect the termination of such Utility Company.

14.     The Adequate Assurance Deposit, in conjunction with the Debtors' ability to pay for future Utility Services in the ordinary course of business (collectively, the "***Proposed Adequate Assurance***"), constitutes adequate assurance to the Utility Companies under section 366 of the Bankruptcy Code.

<u>**Objections to the Proposed Adequate Assurance**</u>

15.     To balance the right of each Utility Company to evaluate the Proposed Adequate Assurance for itself and the harm to the Debtors' businesses that would result from any interruption in services provided by the Utility Companies, the Debtors propose the following objection procedures (the "***Objection Procedures***") in the event that any Utility Company is not satisfied with the Proposed Adequate Assurance:

a.      Within two (2) business days after entry of the Interim Order, the Debtors will mail a copy of the Interim Order and the Motion (including the Proposed Final Order) to the Utility Companies on the Utility Services List.

b.      If a Utility Company is not satisfied with the Proposed Adequate Assurance, it must serve a written request (a "***Request***") upon the proposed counsel to the Debtors:  (i) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Ronit J. Berkovich, Esq. and Gabriel A. Morgan, Esq.) and (ii) Richards Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Daniel J. DeFranceschi, Esq. and Zachary I. Shapiro, Esq.), and the Request must set forth: (i) the location(s) for which Utility

Services are provided, (ii) the account number(s) for such location(s), (iii) the outstanding balance for each account, and (iv) an explanation of why the Utility Company believes the Adequate Assurance Deposit is not adequate assurance of payment.

c.      If the Debtors, in their sole discretion, determine that a Request or any consensual agreement reached in connection therewith is reasonable, the Debtors, without further order of the Court, may enter into agreements granting additional adequate assurance to the Utility Company serving such Request and, in connection with such agreements, provide the Utility Company with additional adequate assurance of payment, including payments on prepetition amounts owing, cash deposits, prepayments, or other forms of security.

d.      If the Debtors, in their sole discretion, determine that a Request is unreasonable, then they shall, within thirty (30) days after receipt of such Request, or such longer period as may be agreed to between the Debtors and the Utility Company, file a motion (the "***Determination Motion***") pursuant to section 366(c)(3) of the Bankruptcy Code seeking a determination from the Court that the Proposed Adequate Assurance, plus any additional consideration offered by the Debtors, constitutes adequate assurance of payment.  Pending notice and a hearing on the Determination Motion, the Utility Company that is the subject of the unresolved Request may not alter, refuse, or discontinue services to the Debtors.

16.      The Debtors request that the Proposed Adequate Assurance shall be deemed adequate assurance of payment for any Utility Company that fails to make a Request. Any Utility Company that does not make a Request or otherwise comply with the Objection Procedures will be prohibited from altering, refusing, or discontinuing Utility Services, including as a result of the Debtors' failure to pay charges for prepetition Utility Services or on account of any perceived inadequacy of the Proposed Adequate Assurance.

## Subsequent Modifications of Utility Services List

17.      Although the Debtors have made an extensive and good faith effort to identify all of the Utility Companies that provide Utility Services as set forth on the Utility Services List, certain Utility Companies may not be listed therein.  To the extent that the Debtors identify additional Utility Companies, the Debtors shall promptly file amendments to the Utility

7

Services List and serve copies of the orders granting this Motion on any newly identified Utility Companies.  In addition, the Debtors will increase the amount of the Adequate Assurance Deposit to account for any newly identified Utility Companies.  The Debtors request that both the Proposed Interim Order and Proposed Final Order approving this Motion shall be binding on all Utility Companies, regardless of when the Utility Companies are added to the Utility Services List.

### Basis for Relief Requested

18.    The relief requested will ensure the continuation of the Debtors' business at this critical juncture as the Debtors transition into chapter 11.  The relief requested also provides the Utility Companies with a fair and orderly procedure for determining requests for additional adequate assurance, without which the Debtors could be forced to address multiple requests by Utility Companies in a disorganized manner at a critical period in these chapter 11 cases when the Debtors' efforts should be more productively focused on restructuring their business for the benefit of all parties in interest.

**A.    The Proposed Adequate Assurance Is Sufficient**

19.    Section 366 of the Bankruptcy Code is designed with the dual purpose of protecting debtors from being cut off from utility services and providing utility companies with adequate assurance that the debtor will be able to pay for postpetition services.  *See* H.R. Rep. No. 95-595, at 350 (1978), *reprinted in* 1978 U.S.C.C.A.N 5963, 6306.  To that end, pursuant to section 366(c), during the first thirty (30) days of a chapter 11 case, a utility company may not alter, refuse, or discontinue service to a debtor solely because of unpaid prepetition amounts, but after the first thirty (30) days, the Utility Company may alter, refuse or discontinue service if a debtor does not provide "adequate assurance" of payment for postpetition services in satisfactory form.

20.     Section 366(c)(3)(B) provides a list of factors that courts are *not* to consider when evaluating whether a proposed adequate assurance payment is in fact adequate. These factors are: (i) the absence of security before the petition date, (ii) the debtor's history of timely payments, and (iii) the availability of an administrative expense priority.  Although section 366(c) clarifies what does and does not constitute "assurance of payment" and what can be considered in determining whether such assurance is adequate, Congress, in enacting that section, did not divest this Court of its power to determine what amount, if any, is necessary to provide adequate assurance of payment to a Utility Company.  *See* 11 U.S.C. § 366(c)(3)(A). Specifically, section 366(c)(3)(A) states that, "[o]n request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment . . . ." Thus, there is nothing to prevent a court from deciding that, on the facts of the case before it, the amount required of the debtor to provide adequate assurance of payment to a utility company should be nominal or even zero.  *See, e.g.*, *In re Pac-West Telecomm., Inc.*, Ch. 11 Case No. 07-10562 (BLS) (Bankr. D. Del. May 2, 2007) (Docket No. 39) (approving adequate assurance in the form of one-time supplemental prepayment to each utility company equal to prorated amount of one week's charges).

21.     Although section 366(c)(2) of the Bankruptcy Code allows a utility to take action if the debtor fails to provide adequate assurance of payment that is "satisfactory" to the utility, it is the Bankruptcy Court and not the utility that is the ultimate arbiter of what is "satisfactory" assurance after taking into consideration the needs of the debtor as well as the utility.  *See, e.g.*, *In re Penn. Cent. Transp. Co.*, 467 F.2d 100, 103–04 (3d Cir. 1972) (affirming the bankruptcy court's decision that no utility deposit was necessary where such deposits would "jeopardize the continuing operation of the [debtor] merely to give further security to suppliers

who already [were] reasonably protected").  Indeed, section 366 only requires that assurance of payment be "adequate" and courts have not construed section 366 to require an absolute guarantee of the debtor's ability to pay.  *See, e.g.*, *In re Caldor, Inc. – N.Y.*, 199 B.R. 1, 3 (S.D.N.Y. 1996) ("Section 366(b) requires the Bankruptcy Court to determine whether the circumstances are sufficient to provide a utility with 'adequate assurance' of payment.  The statute does not require an 'absolute guarantee of payment.'" (citation omitted)), *aff'd sub nom. Va. Elec. & Power Co. v. Caldor, Inc. – N.Y.*, 117 F.3d 646 (2d Cir. 1997); *In re New Rochelle Tel. Corp.*, 397 B.R. 633, 639 (Bankr. E.D.N.Y. 2008) ("Adequate assurance, however, is not a guarantee of payment; rather, it is intended to guard against the utility assuming an unreasonable risk of non-payment."); *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002) ("In determining adequate assurance, a bankruptcy court is not required to give a utility company the equivalent of a guaranty of payment . . . .").

22.     Further, courts consider what is "need[ed] of the utility for assurance, and . . . require that the debtor supply *no more than that*, since the debtor almost perforce has a conflicting need to conserve scarce financial resources."  *Va. Elec. & Power Co. v. Caldor, Inc. – N.Y.*, 117 F.3d at 650 (emphasis in original); *see also In re Penn Central*, 467 F.2d at 103–04.  Indeed, "[c]ourts will approve an amount that is adequate enough to insure against unreasonable risk of nonpayment, but are not required to give the equivalent of a guaranty of payment in full."  *In re The Great Atl. & Pac. Tea Co.*, 2011 WL 5546954, at *5 (S.D.N.Y. Nov. 14, 2011).

23.     Courts have consistently found that adequate assurance of 50% of a debtor's estimated monthly cost or two (2) weeks' estimated utilities cost satisfies the requirements of section 366 of the Bankruptcy Code.  *See, e.g.*, *In re Millenium Lab Holdings II,*

10

*LLC*, Ch. 11 Case No. 15-12284 (LSS) (Bankr. D. Del. Nov. 12, 2015) (Docket No. 61)

(approving adequate assurance where debtors established segregated account with two weeks'

estimated cost of utilities); *In re Dendreon Corp.*, Ch. 11 Case No. 14-12515 (LSS) (Bankr. D.

Del. Nov. 12, 2014) (Docket No. 56); *In re Landauer Healthcare Holdings, Inc.*, Ch. 11 Case

No. 13-12098 (CSS) (Bankr. D. Del. Aug. 16, 2013) (Docket No. 105) (approving adequate

assurance where debtors established segregated account with 50% of the debtors' estimated

monthly cost of utilities);  *In re Sch. Specialty, Inc.*, Ch. 11 Case No. 13-10125 (KJC) (Bankr. D.

Del. Feb. 25, 2013) (Docket No. 289) (same); *In re THQ, Inc.*, Ch. 11 Case No. 12-13398

(MFW) (Bankr. D. Del. Jan. 4, 2013) (Docket No. 114) (approving adequate assurance where

debtors deposited cash equal to two weeks' estimated cost of utilities); *In re S. Air Holdings,*

*Inc.*, Ch. 11 Case No. 12-12690 (CSS) (Bankr. D. Del. Oct. 25, 2012) (Docket No. 222) (same);

*In re Filene's Basement, LLC*, Ch. 11 Case No. 11-13511 (KJC) (Bankr D. Del. Nov. 22, 2011),

(Docket No. 250) (same); *In re Dallas Stars*, *L.P.*, Ch. 11 Case No. 11-12935 (PJW) (Bankr. D.

Del. Oct. 17, 2011) (Docket No. 116) (same).

       24.     In light of the foregoing, the Proposed Adequate Assurance is reasonable.

**B.**    **The Objection Procedures Are Reasonable and Appropriate**

       25.     If a Utility Company does not believe the Proposed Adequate Assurance is

"satisfactory," such Utility Company may file an objection pursuant to the Objection Procedures

described above.  The proposed Objection Procedures are reasonable because they will ensure

that the Debtors' Utility Services continue while providing a streamlined process for Utility

Companies to challenge the adequacy of the Proposed Adequate Assurance or seek an alternative

form of adequate assurance.  The Court has the power to approve these Objection Procedures

pursuant to 105(a) of the Bankruptcy Code, which provides that a bankruptcy court may "issue

any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.

26.     This Court has regularly approved procedures similar to the proposed Objection Procedures. *See, e.g.*, *In re Endeavour Operating Corp.*, Chapter 11 Case No. 14-12308 (Bankr. D. Del. Oct. 15, 2014) (Docket No. 57); *In re Energy Future Holdings Corp.*, Ch. 11 Case No. 14-10979 (CSS) (Bankr. D. Del. June 4, 2014) (Docket No. 800); *In re Coldwater Creek Inc.*, Ch. 11 Case No. 14-10867 (BLS) (Bankr. D. Del. Apr. 5, 2014) (Docket No. 335); *In re Brookstone Holdings Corp.*, Ch. 11 Case No. 14-10752 (BLS) (Bankr. D. Del. Apr. 25, 2014) (Docket No. 240); *In re Sch. Specialty, Inc.*, Ch. 11 Case No. 13-10125 (KJC) (Bankr. D. Del. Feb. 25, 2013) (Docket No. 289); *In re THQ, Inc.*, Ch. 11 Case No. 12-13398 (MFW) (Bankr. D. Del. Jan. 4, 2013), (Docket No. 114); *In re S. Air Holdings, Inc.*, Ch. 11 Case No. 12-12690 (CSS) (Bankr. D. Del. Oct. 25, 2012), (Docket No. 222).

27.     In light of the foregoing, the Proposed Adequate Assurance and the Objection Procedures are reasonable and the relief requested herein is necessary and appropriate in the best interests of the Debtors' estates and creditors, and should be granted in full.

## Bankruptcy Rule 6003 Has Been Satisfied

28.     Bankruptcy Rule 6003 provides that, to the extent relief is necessary to avoid immediate and irreparable harm, a bankruptcy court may issue an order granting "a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" before twenty-one (21) days after the Petition Date.  Fed. R. Bankr. P. 6003.  As described herein and in the DeClaire Declaration, the Debtors' estates would suffer immediate and irreparable harm if the relief sought herein is not promptly granted.  Accordingly, the Debtors have satisfied the requirements of Bankruptcy Rule 6003.

12

## Request for Bankruptcy Rule 6004 Waivers

29. The Debtors request a waiver of the notice requirements under Bankruptcy Rule 6004(a) and any stay of the order granting the relief requested herein pursuant to Bankruptcy Rule 6004(h). As explained above, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors. Accordingly, ample cause exists to justify the waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent such stay applies.

## Reservation of Rights

30. Nothing contained herein is intended or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim of any Utility Company under applicable nonbankruptcy law, (iii) a waiver of any claims or causes of action which may exist against any Utility Company, or (iv) an assumption, adoption, or rejection of any agreement, contract, or lease between the Debtors and any third party under section 365 of the Bankruptcy Code. The Debtors reserve all of their rights under the Bankruptcy Code.

## Notice

31. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases. Notice of this Motion has been provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis; (iii) Akin Gump Strauss Hauer & Feld LLP, 1333 New Hampshire Avenue, N.W., Washington, DC 20036-1564 (Attn: Scott L. Alberino, Esq. and Meng Ru, Esq.) as counsel to Cortland Capital Market Services LLC, (a) as successor administrative agent under that certain Amended and Restated Term Loan Agreement, dated as of October 25, 2012 and amended and restated as of November 22, 2013 and (b) as successor

13

administrative agent under that certain Second Term Loan Agreement, dated as of March 28, 2013; (iv) Arent Fox LLP, 1675 Broadway, New York, New York  10019 (Attn: Andrew I. Silfen, Esq.) as counsel to Wells Fargo Bank, National Association, in its capacity as (a) indenture trustee and collateral agent for the holders of 7.5% Senior Secured First Lien Notes due 2019 and 7.125% Senior Secured First Lien Notes due 2023, (b) collateral agent for the lenders under that certain Amended and Restated Term Loan Agreement, dated as of October 25, 2012 and amended and restated as of November 22, 2013, that certain Amended and Restated Credit Agreement, dated as of March 28, 2013, and that certain Second Term Loan Agreement, dated as of March 28, 2013, and (c) Pari Passu Collateral Agent under, and as defined in, that certain Amended and Restated Intercreditor Agreement, dated as of October 25, 2012; (v) Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, NY  10005 (Attn: Dennis F. Dunne, Esq. and Evan R. Fleck, Esq.) as counsel to the ad hoc committee of secured term loan lenders and secured noteholders; (vi) Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL  60611 (Attn: Richard A. Levy, Esq.) as counsel to the administrative agent under that certain Amended and Restated Credit Agreement, dated as of March 28, 2013; (vii) the Securities and Exchange Commission; (viii) the Internal Revenue Service; (ix) the United States Attorney's Office for the District of Delaware; (x) the Utility Companies; and (xi) any other party entitled to notice pursuant to Local Rule 9013–1(m).

32.    Notice of this Motion and any order entered hereon will be served on all parties required by Local Rule 9013–1(m).  Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

**No Previous Request**

33.     No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request entry of the Proposed Interim

Order and, pending a final hearing on the relief requested herein, the Proposed Final Order,

granting the relief requested herein and such other and further relief as the Court may deem just

and appropriate.

Dated: December 3, 2015
       Wilmington, Delaware

/s/ *Zachary I. Shapiro*
RICHARDS, LAYTON & FINGER, P.A.
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Zachary I. Shapiro (No. 5103)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C.
Ronit J. Berkovich
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Proposed Attorneys for the Debtors*
*and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
-------------------------------------------------------x
                                    :
In re                               :        Chapter 11
                                    :
OFFSHORE GROUP                      :        Case No. 15-_____ (___)
INVESTMENT LIMITED, et al.,         :
                                    :        Joint Administration Requested
          Debtors.¹                 :
                                    :
-------------------------------------------------------x
```

**INTERIM ORDER (I) APPROVING DEBTORS' PROPOSED
FORM OF ADEQUATE ASSURANCE PAYMENT TO UTILITY
COMPANIES, (II) ESTABLISHING PROCEDURES FOR RESOLVING
OBJECTIONS BY UTILITY COMPANIES, AND (III) PROHIBITING
UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING
SERVICE PURSUANT TO SECTIONS 105(a) AND 366 OF THE BANKRUPTCY CODE**

Upon the motion, dated December 3, 2015 (the "***Motion***"),[2] of Offshore Group

Investment Limited and its affiliated debtors, as debtors and debtors in possession (collectively,

the "***Debtors***"), for an order pursuant to sections 105(a) and 366 of title 11 of the United States

Code (the "***Bankruptcy Code***") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy

Procedure (the "***Bankruptcy Rules***") (i) approving the Debtors' proposed form of adequate

assurance of payment to Utility Companies, (ii) establishing procedures for resolving Objections

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Offshore Group Investment Limited; Vantage Delaware Holdings, LLC; Dragonquest Holdings Company; Emerald Driller Company; P2020 Rig Co.; P2021 Rig Co.; PT. Vantage Drilling Company Indonesia; Sapphire Driller Company; Vantage Deepwater Company; Vantage Deepwater Drilling, Inc. (3668); Vantage Driller I Co; Vantage Driller II Co; Vantage Driller III Co; Vantage Driller IV Co.; Vantage Driller VI Co.; Vantage Driller ROCO S.R.L.; Vantage Drilling Africa; Vantage Drilling (Malaysia) I Sdn. Bhd.; Vantage Drilling Labuan I Ltd.; Vantage Drilling Netherlands B.V.; Vantage Holding Hungary Kft.; Vantage Holdings Cyprus ODC Limited; Vantage Holdings Malaysia I Co; and Vantage International Management Co.  The Debtors' mailing address is 777 Post Oak Boulevard, Suite 800, Houston, Texas 77056.

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

by Utility Companies, and (iii) prohibiting Utility Companies from altering, refusing, or discontinuing Utility Services, as more fully set forth in the Motion; and upon consideration of the DeClaire Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing on the Motion on December __, 2015; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis.

2.      Until such time as the Final Order is entered, all Utility Companies, including without limitation those listed on **<u>Exhibit 1</u>** attached hereto, are prohibited from altering, refusing, or discontinuing Utility Services or otherwise discriminating against the Debtors on account of any unpaid prepetition charges or any perceived inadequacy of the Debtors' Proposed Adequate Assurance.

2

3.       The Debtors shall deposit the Adequate Assurance Deposit in the amount of $246,016 in a newly segregated account for the benefit of the Utility Companies (the "***Utility Deposit Account***") within twenty (20) days after the Petition Date.

4.       The following Objection Procedures are approved on an interim basis:

a.       Within two (2) business days after entry of the Interim Order, the Debtors will mail a copy of the Interim Order and the Motion (including the Proposed Final Order) to the Utility Companies on the Utility Services List.

b.       If a Utility Company is not satisfied with the Proposed Adequate Assurance, it must serve a written request (a "***Request***") upon the proposed counsel to the Debtors:  (i) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Ronit J. Berkovich, Esq. and Gabriel A. Morgan, Esq.) and (ii) Richards Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Daniel J. DeFranceschi, Esq. and Zachary I. Shapiro, Esq.), and the Request must set forth: (i) the location(s) for which Utility Services are provided, (ii) the account number(s) for such location(s), (iii) the outstanding balance for each account, and (iv) an explanation of why the Utility Company believes the Adequate Assurance Deposit is not adequate assurance of payment.

c.       If the Debtors, in their sole discretion, determine that a Request or any consensual agreement reached in connection therewith is reasonable, the Debtors, without further order of the Court, may enter into agreements granting additional adequate assurance to the Utility Company serving such Request and, in connection with such agreements, provide the Utility Company with additional adequate assurance of payment, including payments on prepetition amounts owing, cash deposits, prepayments, or other forms of security.

d.       If the Debtors, in their sole discretion, determine that a Request is unreasonable, then they shall, within thirty (30) days after receipt of such Request, or such longer period as may be agreed to between the Debtor and the Utility Company, file a motion (the "***Determination Motion***") pursuant to section 366(c)(3) of the Bankruptcy Code seeking a determination from the Court that the Proposed Adequate Assurance, plus any additional consideration offered by the Debtors, constitutes adequate assurance of payment.  Pending notice and a hearing on the Determination Motion, the Utility Company that is the subject of the unresolved Request may not alter, refuse, or discontinue services to the Debtors.

3

5.      The Adequate Assurance Deposit shall be deemed adequate assurance of payment, and any Utility Company that does not make a Request or otherwise comply with the Objection Procedures shall be prohibited from altering, refusing, or discontinuing Utility Services, including as a result of the Debtors' failure to pay charges for prepetition Utility Services or to provide adequate assurance of payment in addition to the Proposed Adequate Assurance.

6.      The Adequate Assurance Deposit shall automatically, without further Court order, be available to the Debtors upon the effective date of a chapter 11 plan for the Debtors.

7.      The inclusion of any entity in, as well as any omission of any entity from, the Utility Services List shall not be deemed an admission by the Debtors that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

8.      The Debtors are authorized to amend the Utility Services List to the extent the Debtors terminate the services of any Utility Company or identify additional Utility Companies and this Interim Order shall apply to any such Utility Company that is added to the Utility Services List.

9.      The Debtors shall increase the amount of the Adequate Assurance Deposit in the event an additional Utility Company is added to the Utility Services List by an amount equal to two (2) weeks of Utility Services provided by such additional Utility Company, calculated using the historical average for such payments during the past twelve (12) months.

4

10.     The Debtors may terminate the services of any Utility Company and are immediately authorized to reduce the Adequate Assurance Deposit by the amount held on account of such terminated Utility Company.

11.     The Debtors shall serve a copy of this Interim Order and the Motion upon any Utility Company added to the Utility Services List.

12.     Nothing contained in this Interim Order or any action taken by the Debtors in implementing this Interim Order shall be deemed (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim of any Utility Company under applicable nonbankruptcy law, (iii) a waiver of any claims or causes of action which may exist against any Utility Company, or (iv) an assumption, adoption, or rejection of any agreement, contract, or lease between the Debtors and any third party under section 365 of the Bankruptcy Code.

13.     The requirements of Bankruptcy Rule 6003(b) have been satisfied.

14.     The requirements of Bankruptcy Rule 6004(a) are waived.

15.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16.     The Debtors are authorized to take all steps necessary to carry out this Order.

17.     The Debtors shall serve the Motion and this Interim Order within two (2) business days after its entry via first class U.S. mail on the parties entitled to notice pursuant to Local Rule 9013-1(m)(iii).

18.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

19.     A final hearing to consider the relief requested in the Motion shall be held on _____, at _____ (Eastern Time) and any objections or responses to the Motion shall be filed and served so as to be actually received on or prior to                  , _____ at 4:00 p.m. (Eastern Time).

Dated: _____, 2015
          Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

6

**<u>Exhibit 1 to the Interim Order</u>**

**Exhibit 1 to the Interim Order**

**Nonexclusive Utility Services List**

| Utility Company | Account Number | Address | Description of Utility Services | Average Monthly Expense | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| Advance Wireless Network Co., Ltd. | 31300003140719, 31300003040137, 31300003040131, 31300003040057, 31300003039951, 31300003040188, 31300003040004, 31300003040151, and 31300003040007 | 408/60 Phaholyothin Place Building 15th Floor, Phaholyothin Road Samsennai, Phayathai, Bangkok 10400 Thailand | Telecommunications | $1,800.00 | $900.00 |
| Airtel Congo Sa | CG1907 | Avenue Amilcar Cabral Brazzaville, BP 1038 Congo | Telecommunications | $1,163.00 | $582.00 |
| Applied Satellite Technology Asia P | V0018USD | 30 Loyang Way, #06-14 Singapores, 508769 Singapore | Telecommunications | $277.00 | $139.00 |
| BlueJeans Network, Inc. | Not Available | 516 Clyde Avenue Mountain View, CA 94043 United States | IT/Communications | $600.00 | $300.00 |
| Comcast | 01723306953-01-7 / 8777 70 317 2929666 | P.O. Box 660618 Dallas, TX 75266-0618 United States | IT/Communications | $216.00 | $108.00 |

| Utility Company | Account Number | Address | Description of Utility Services | Average Monthly Expense | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| Consolidated Waterworks District 1 | 03-39-0090617 | P.O. Box 630 Houma, LA 70361-0630 | Water | $27.00 | $13.00 |
| DIRECTV, LLC | 77083915 | P.O. Box 60036 Los Angeles, CA 90060-0036 United States | IT/Communications | $157.00 | $79.00 |
| Harris CapRock Communications, Inc. | 881631574392 and 881632553962 | P.O. Box 7247 Philadelphia, PA 19179-7607 United States | Telecommunications | $192.00 | $96.00 |
| Hydrasat LLC | 488042000000 | P.O. Box 25382 Houston, TX 77265 United States | IT/Communications | $13,593.00 | $6,797.00 |
| Hydrasat Pte Ltd | 106882112 | 30 Cecil Street, #19-08 Prudential Singapore, 049712 Singapore | IT/Communications | $45,334 | $22,667.00 |
| IPX International Systems, Inc. | 19003 | 6213 Executive Boulevard Rockville, MD 20852 United States | IT/Communications | $15,181 | $7,591.00 |
| Jasmine Internet Co., Ltd | 369907 | 200 MOO 48th Changwattana Road, Pakkr Nontaburee,11120 Thailand | IT/Communications | $1,115 | $558.00 |
| MTNL, Mumbai | Not Available | BKC, Bandra-E Mumbai, 400050 India | IT/Communications | $140 | $70.00 |

RLF1 13477652V.1

| Utility Company | Account Number | Address | Description of Utility Services | Average Monthly Expense | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| NSSL Global Ltd | VAN002U and VAN007U | 6 Wells Place, Gatton Park Business Redhill Surrey UK, RH1 3DR United Kingdom | Telecommunications | $5,848.00 | $2,924.00 |
| OFIS SARL | CVANTAGE | 316, Avenue Charles de Gaules Pointe Noire, Congo | IT/Communications | $26,677.00 | $13,338.00 |
| Phoenix Communications Pte Ltd | 1001558588 | #05-02 1 Jalan Kilang Timor, Pacifi Singapore, 159303 Singapore | IT/Communications | $10,684.00 | $5,342.00 |
| POST Telecom S.A. | Not Available | 1, Rue Emile Bian L-2996 Luxembourg, 2996 Luxembourg | IT/Communications | $303.00 | $151.00 |
| Progressive Waste Solutions of LA | 71104086 | P.O. Box 650348 Dallas, TX 75265-0348 United States | Waste Disposal | $203.00 | $102.00 |
| PT. Cyberindo Aditama | 01-39318-0 | Cyber2 Tower, 33rd Floor, JL. H.R. Jakarta Selatan, 12950 Indonesia | IT/Communications | $724.00 | $362.00 |
| PT. Gedung Bank Exim | Not Available | JL Mampang Prapatan Raya No. 100 Jakarta, 12760 Indonesia | Electric | $1,811.00 | $906.00 |

3

| Utility Company | Account Number | Address | Description of Utility Services | Average Monthly Expense | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| PT. Telekomunikasi Indonesia | DB08262585490146 | JL. Japati No. 1 Bandung, Indonesia 40133 Indonesia | Telecommunications | Not Available | $0.00 |
| PT. Telekomunikasi Seluler (Telkoms) | 250832994 | No. 7 Paivin Tower, LT 5 & 6 Grand, Balikpapan, 76113 Indonesia | Telecommunications | $1,782.00 | $891.00 |
| Reliance Infrastructure Ltd. | 150993872 | 401, Godambe Appt., CHS LTD Mumbai, 400052 India | Electric | $126.00 | $63.00 |
| RigNet Pte Ltd | C0485 | #06/01/02 8 Kallang Avenue, Aperia Singapore, 339509 Singapore | IT/Communications | $118,868.00 | $59,434.00 |
| Rignet UK Ltd | C0516 and UK10400-00268 | 9 Abercrombie Court, Prospect Road Arnhall Business Park West Scotland, AB326FE United Kingdom | IT/Communications | $125,025.00 | $62,513.00 |
| Rignet, Inc. | C200797 | 1880 S. Dairy Ashford Suite 300 Houston, TX 77077 United States | Telecommunications | $83,104.00 | $41,552.00 |
| ServeQuip SARL | 10133402767, 10133405240, 10133405745, and 10133402528 | Centre Ville Pointe Noire, Congo | IT/Communications | $401.00 | $201.00 |

RLF1 13477652V.1

| Utility Company | Account Number | Address | Description of Utility Services | Average Monthly Expense | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| Skycom Satellite Systems Pte Ltd | Not Available | 68 Kallang Pudding Road, #07-01 SYH Singapore, 349327 | IT/Communications | $1,602.00 | $801.00 |
| Societe Nationale De Distribution | 013063 Y | Avenue Charles de Gaulles Centre VI Pointe Noire Congo | Water | $23.00 | $12.00 |
| Societe Nationale D'Electricite (SN) | 2360100 | Avenue Charles de Gaulles, Immeuble Pointe Noire Congo | Electric | $47.00 | $24.00 |
| South Louisiana Electric Cooperative | 206966-001 | P.O. Box 4037 Houma, LA 70361 United States | Electric | $218.00 | $109.00 |
| Tata Teleservices (Maharashtra) Ltd | Tel-605819620 and Int-977877479 | D26, TTC Industrial Area, Sanpade Mumbai, 400703 India | IT/Communications | $1,051.00 | $526.00 |
| The TATA Power Co. Ltd | 900000342733 | Rama Export, FLT-401, KHAR-W Mumbai, 400052 India | Electric | $1,211.00 | $605.00 |
| TOT Public Co., Ltd | 16-00216-03976 | 89/2 MOO.3 Chaengwatana Road Tungsonghong, Laksi, Bangkok 10210 Thailand | Telecommunications | Not Available | $0.00 |

RLF1 13477652V.1

| Utility Company | Account Number | Address | Description of Utility Services | Average Monthly Expense | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| True Visions Group Co., Ltd. | 0076324311 | 118/1 Tipco Tower Rama 6 Road Samsennai, Phayathai, Bangkok 10400 Thailand | Telecommunications | Not Available | $0.00 |
| UOA Centre & Wimsa UOA II Joint | Not Available | Level 1, Tower 1 Avenue 3, Bangsar Kuala Lumpur, 58200 Malaysia | Not Available | $10.00 | $5.00 |
| Veripos (US) Inc. | US000034 | 15990 N. Barkers Landing, Suite 150 Houston, TX 77079 United States | IT/Communications | $30,117.00 | $15,058.00 |
| Veripos Ltd | Not Available | Prospect Road, Arnhall Business Par Aberdeenshire, AB32 6FE United Kingdom | IT/Communications | $1,875.00 | $938.00 |
| Vodafone Essar Ltd | Not Available | Skyline Icon, 2nd Floor, 86/92 Mumbai, 400069 India | Telecommunications | $527.00 | $264.00 |
| **Total** | | | | **$492,034.00** | **$246,016.00** |

RLF1 13477652V.1

**Exhibit B**

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

-------------------------------------------------------x
                                                       :
In re                                                  :          **Chapter 11**
                                                       :
**OFFSHORE GROUP**                                     :          **Case No. 15-_____ (___)**
**INVESTMENT LIMITED,** *et al.*,                      :
                                                       :          **Joint Administration Requested**
            **Debtors.**[1]                            :
                                                       :
-------------------------------------------------------x

**FINAL ORDER**
**(I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF**
**PAYMENT TO UTILITY COMPANIES, (II) ESTABLISHING PROCEDURES FOR**
**RESOLVING OBJECTIONS BY UTILITY COMPANIES, AND (III) PROHIBITING**
**UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING**
**SERVICE PURSUANT TO SECTIONS 105(a) AND 366 OF THE BANKRUPTCY CODE**

Upon the motion, dated December 3, 2015 (the "***Motion***"),[2] of Offshore Group

Investment Limited and its affiliated debtors, as debtors and debtors in possession (collectively,

the "***Debtors***"), for an order pursuant to sections 105(a) and 366 of title 11 of the United States

Code (the "***Bankruptcy Code***") and Rule 6004 of the Federal Rules of Bankruptcy Procedure

(the "***Bankruptcy Rules***") (i) approving the Debtors' proposed form of adequate assurance of

payment to Utility Companies, (ii) establishing procedures for resolving Objections by Utility

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Offshore Group Investment Limited; Vantage Delaware Holdings, LLC; Dragonquest Holdings Company; Emerald Driller Company; P2020 Rig Co.; P2021 Rig Co.; PT. Vantage Drilling Company Indonesia; Sapphire Driller Company; Vantage Deepwater Company; Vantage Deepwater Drilling, Inc. (3668); Vantage Driller I Co; Vantage Driller II Co; Vantage Driller III Co; Vantage Driller IV Co.; Vantage Driller VI Co.; Vantage Driller ROCO S.R.L.; Vantage Drilling Africa; Vantage Drilling (Malaysia) I Sdn. Bhd.; Vantage Drilling Labuan I Ltd.; Vantage Drilling Netherlands B.V.; Vantage Holding Hungary Kft.; Vantage Holdings Cyprus ODC Limited; Vantage Holdings Malaysia I Co; and Vantage International Management Co.  The Debtors' mailing address is 777 Post Oak Boulevard, Suite 800, Houston, Texas 77056.

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Companies, and (iii) prohibiting Utility Companies from altering, refusing or discontinuing

Utility Services, as more fully set forth in the Motion; as more fully set forth in the Motion; and

upon consideration of the DeClaire Declaration; and the Court having jurisdiction to consider the

Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended

Standing Order of Reference from the United States District Court for the District of Delaware*

dated February 29, 2012; and consideration of the Motion and the requested relief being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to

the parties listed therein, and it appearing that no other or further notice need be provided; and

the Court having reviewed the Motion; and the Court having held a hearing on the Motion on

December __, 2015; and the Court having granted interim relief on the Motion on December __,

2015 (Docket No.__); and the Court having held a final hearing on the Motion on January __,

2016; and all objections to the Motion having been withdrawn, resolved or overruled; and the

Court having determined that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and it appearing that the relief requested in the Motion is in

the best interests of the Debtors and their respective estates and creditors; and upon all of the

proceedings had before the Court and after due deliberation and sufficient cause appearing

therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted.

2.      The Proposed Adequate Assurance satisfies the requirements set forth in

section 366 of the Bankruptcy Code.

RLF1 13477652v.1

3.      Any Utility Company not in compliance with the below Objection

Procedures shall be not be permitted to alter, refuse, or discontinue service or demand adequate

assurance other than as provided in this Order:

a.      If a Utility Company is not satisfied with the Proposed Adequate Assurance, it must serve a written request (a "***Request***") upon the proposed counsel to the Debtors: (i) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ronit J. Berkovich, Esq. and Gabriel A. Morgan, Esq.) and (ii) Richards Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Daniel J. DeFranceschi, Esq. and Zachary I. Shapiro, Esq.), and the Request must set forth: (i) the location(s) for which Utility Services are provided, (ii) the account number(s) for such location(s), (iii) the outstanding balance for each account, and (iv) an explanation of why the Utility Company believes the Adequate Assurance Deposit is not adequate assurance of payment.

b.      If the Debtors, in their sole discretion, determine that a Request or any consensual agreement reached in connection therewith is reasonable, the Debtors, without further order of the Court, may enter into agreements granting additional adequate assurance to the Utility Company serving such Request and, in connection with such agreements, provide the Utility Company with additional adequate assurance of payment, including payments on prepetition amounts owing, cash deposits, prepayments, or other forms of security.

c.      If the Debtors, in their sole discretion, determine that a Request is unreasonable, then they shall, within thirty (30) days after receipt of such Request, or such longer period as may be agreed to between the Debtor and the Utility Company, file a motion (the "***Determination Motion***") pursuant to section 366(c)(3) of the Bankruptcy Code seeking a determination from the Court that the Proposed Adequate Assurance, plus any additional consideration offered by the Debtors, constitutes adequate assurance of payment. Pending notice and a hearing on the Determination Motion, the Utility Company that is the subject of the unresolved Request may not alter, refuse, or discontinue services to the Debtors.

4.      The Adequate Assurance Deposit shall be deemed adequate assurance of

payment, and any Utility Company that does not make a Request or otherwise comply with the

Objection Procedures shall be prohibited from altering, refusing, or discontinuing Utility

Services, including as a result of the Debtors' failure to pay charges for prepetition Utility

3

Services or to provide adequate assurance of payment in addition to the Proposed Adequate Assurance.

5.      The Adequate Assurance Deposit shall automatically, without further Court order, be available to the Debtors upon the effective date of a chapter 11 plan for the Debtors.

6.      The inclusion of any entity in, as well as any omission of any entity from, the Utility Services List shall not be deemed an admission by the Debtors that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

7.      The Debtors are authorized to amend the Utility Services List to the extent the Debtors terminate the services of any Utility Company or identify additional Utility Companies and this Order shall apply to any such Utility Company that is added to the Utility Services List.

8.      The Debtors shall increase the amount of the Adequate Assurance Deposit in the event an additional Utility Company is added to the Utility Services List by an amount equal to two (2) weeks of Utility Services provided by such additional Utility Company, calculated using the historical average for such payments during the past twelve (12) months.

9.      The Debtors may terminate the services of any Utility Company and are immediately authorized to reduce the Adequate Assurance Deposit by the amount held on account of such terminated Utility Company.

10.      The Debtors shall serve a copy of the Motion and this Order upon any Utility Company added to the Utility Services List.

4

11.     Nothing contained in this Order or any action taken by the Debtors in implementing this Order shall be deemed (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim of any Utilities Company under applicable nonbankruptcy law, (iii) a waiver of any claims or causes of action which may exist against any Utility Company, or (iv) an assumption, adoption, or rejection of any agreement, contract, or lease between the Debtors and any third party under section 365 of the Bankruptcy Code.

12.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.     The Debtors are authorized to take all steps necessary to carry out this Order.

14.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2015
        Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

RLF1 13477652v.1

**Exhibit 1 to the Final Order**

| Utility Company | Account Number | Address | Description of Utility Services | Average Monthly Expense | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| Advance Wireless Network Co., Ltd. | 31300003140719, 31300003040137, 31300003040131, 31300003040057, 31300003039951, 31300003040188, 31300003040004, 31300003040151, and 31300003040007 | 408/60 Phaholyothin Place Building 15th Floor, Phaholyothin Road Samsennai, Phayathai, Bangkok 10400 Thailand | Telecommunications | $1,800.00 | $900.00 |
| Airtel Congo Sa | CG1907 | Avenue Amilcar Cabral Brazzaville, BP 1038 Congo | Telecommunications | $1,163.00 | $582.00 |
| Applied Satellite Technology Asia P | V0018USD | 30 Loyang Way, #06-14 Singapores, 508769 Singapore | Telecommunications | $277.00 | $139.00 |
| BlueJeans Network, Inc. | Not Available | 516 Clyde Avenue Mountain View, CA 94043 United States | IT/Communications | $600.00 | $300.00 |
| Comcast | 01723306953-01-7 / 8777 70 317 2929666 | P.O. Box 660618 Dallas, TX 75266-0618 United States | IT/Communications | $216.00 | $108.00 |
| Consolidated Waterworks District 1 | 03-39-0090617 | P.O. Box 630 Houma, LA 70361-0630 | Water | $27.00 | $13.00 |

| Utility Company | Account Number | Address | Description of Utility Services | Average Monthly Expense | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| DIRECTV, LLC | 77083915 | P.O. Box 60036 Los Angeles, CA 90060-0036 United States | IT/Communications | $157.00 | $79.00 |
| Harris CapRock Communications, Inc. | 881631574392 and 881632553962 | P.O. Box 7247 Philadelphia, PA 19179-7607 United States | Telecommunications | $192.00 | $96.00 |
| Hydrasat LLC | 488042000000 | P.O. Box 25382 Houston, TX 77265 United States | IT/Communications | $13,593.00 | $6,797.00 |
| Hydrasat Pte Ltd | 106882112 | 30 Cecil Street, #19-08 Prudential Singapore, 049712 Singapore | IT/Communications | $45,334 | $22,667.00 |
| IPX International Systems, Inc. | 19003 | 6213 Executive Boulevard Rockville, MD 20852 United States | IT/Communications | $15,181 | $7,591.00 |
| Jasmine Internet Co., Ltd | 369907 | 200 MOO 48th Changwattana Road, Pakkr Nontaburee,11120 Thailand | IT/Communications | $1,115 | $558.00 |
| MTNL, Mumbai | Not Available | BKC, Bandra-E Mumbai, 400050 India | IT/Communications | $140 | $70.00 |

2

| Utility Company | Account Number | Address | Description of Utility Services | Average Monthly Expense | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| NSSL Global Ltd | VAN002U and VAN007U | 6 Wells Place, Gatton Park Business Redhill Surrey UK, RH1 3DR United Kingdom | Telecommunications | $5,848.00 | $2,924.00 |
| OFIS SARL | CVANTAGE | 316, Avenue Charles de Gaules Pointe Noire, Congo | IT/Communications | $26,677.00 | $13,338.00 |
| Phoenix Communications Pte Ltd | 1001558588 | #05-02 1 Jalan Kilang Timor, Pacifi Singapore, 159303 Singapore | IT/Communications | $10,684.00 | $5,342.00 |
| POST Telecom S.A. | Not Available | 1, Rue Emile Bian L-2996 Luxembourg, 2996 Luxembourg | IT/Communications | $303.00 | $151.00 |
| Progressive Waste Solutions of LA | 71104086 | P.O. Box 650348 Dallas, TX 75265-0348 United States | Waste Disposal | $203.00 | $102.00 |
| PT. Cyberindo Aditama | 01-39318-0 | Cyber2 Tower, 33rd Floor, JL. H.R. Jakarta Selatan, 12950 Indonesia | IT/Communications | $724.00 | $362.00 |
| PT. Gedung Bank Exim | Not Available | JL Mampang Prapatan Raya No. 100 Jakarta, 12760 Indonesia | Electric | $1,811.00 | $906.00 |
| PT. Telekomunikasi Indonesia | DB082625854901 46 | JL. Japati No. 1 Bandung, Indonesia 40133 Indonesia | Telecommunications | Not Available | $0.00 |

3

| Utility Company | Account Number | Address | Description of Utility Services | Average Monthly Expense | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| PT. Telekomunikasi Seluler (Telkoms) | 250832994 | No. 7 Paivin Tower, LT 5 & 6 Grand, Balikpapan, 76113 Indonesia | Telecommunications | $1,782.00 | $891.00 |
| Reliance Infrastructure Ltd. | 150993872 | 401, Godambe Appt., CHS LTD Mumbai, 400052 India | Electric | $126.00 | $63.00 |
| RigNet Pte Ltd | C0485 | #06/01/02 8 Kallang Avenue, Aperia Singapore, 339509 Singapore | IT/Communications | $118,868.00 | $59,434.00 |
| Rignet UK Ltd | C0516 and UK10400-00268 | 9 Abercrombie Court, Prospect Road Arnhall Business Park West Scotland, AB326FE United Kingdom | IT/Communications | $125,025.00 | $62,513.00 |
| Rignet, Inc. | C200797 | 1880 S. Dairy Ashford Suite 300 Houston, TX 77077 United States | Telecommunications | $83,104.00 | $41,552.00 |
| ServeQuip SARL | 10133402767, 10133405240, 10133405745, and 10133402528 | Centre Ville Pointe Noire, Congo | IT/Communications | $401.00 | $201.00 |
| Skycom Satellite Systems Pte Ltd | Not Available | 68 Kallang Pudding Road, #07-01 SYH Singapore, 349327 | IT/Communications | $1,602.00 | $801.00 |

4

| Utility Company | Account Number | Address | Description of Utility Services | Average Monthly Expense | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| Societe Nationale De Distribution | 013063 Y | Avenue Charles de Gaulles Centre VI Pointe Noire Congo | Water | $23.00 | $12.00 |
| Societe Nationale D'Electricite (SN) | 2360100 | Avenue Charles de Gaulles, Immeuble Pointe Noire Congo | Electric | $47.00 | $24.00 |
| South Louisiana Electric Cooperative | 206966-001 | P.O. Box 4037 Houma, LA 70361 United States | Electric | $218.00 | $109.00 |
| Tata Teleservices (Maharashtra) Ltd | Tel-605819620 and Int-977877479 | D26, TTC Industrial Area, Sanpade Mumbai, 400703 India | IT/Communications | $1,051.00 | $526.00 |
| The TATA Power Co. Ltd | 900000342733 | Rama Export, FLT-401, KHAR-W Mumbai, 400052 India | Electric | $1,211.00 | $605.00 |
| TOT Public Co., Ltd | 16-00216-03976 | 89/2 MOO.3 Chaengwatana Road Tungsonghong, Laksi, Bangkok 10210 Thailand | Telecommunications | Not Available | $0.00 |
| True Visions Group Co., Ltd. | 0076324311 | 118/1 Tipco Tower Rama 6 Road Samsennai, Phayathai, Bangkok 10400 Thailand | Telecommunications | Not Available | $0.00 |

RLF1 13477652v.1

| Utility Company | Account Number | Address | Description of Utility Services | Average Monthly Expense | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| UOA Centre & Wimsa UOA II Joint | Not Available | Level 1, Tower 1 Avenue 3, Bangsar Kuala Lumpur, 58200 Malaysia | Not Available | $10.00 | $5.00 |
| Veripos (US) Inc. | US000034 | 15990 N. Barkers Landing, Suite 150 Houston, TX 77079 United States | IT/Communications | $30,117.00 | $15,058.00 |
| Veripos Ltd | Not Available | Prospect Road, Arnhall Business Par Aberdeenshire, AB32 6FE United Kingdom | IT/Communications | $1,875.00 | $938.00 |
| Vodafone Essar Ltd | Not Available | Skyline Icon, 2nd Floor, 86/92 Mumbai, 400069 India | Telecommunications | $527.00 | $264.00 |
| **Total** | | | | **$492,034.00** | **$246,016.00** |

RLF1 13477652v.1